# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Epson America, Inc. | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:26-cv-11552 |
| v. | ) ) ) ) | |
| Shenzhen Cuture Innovation Electronic Co., Ltd. and Shenzhenshijinhongyuanyuankejiyouxiangongsi, | ) ) ) | **ANSWER** |
| Defendants. | ) ) | |

## COMPLAINT

Defendants Shenzhen Cuture Innovation Electronic Co., Ltd. and Shenzhenshijinhongyuanyuankejiyouxiangongsi (collectively, "Defendants") hereby submits its Answer to Plaintiff Epson America, Inc.'s ("Epson") Complaint. Any and all allegations contained in Plaintiff's Complaint not admitted in this Answer are denied.

In several paragraphs of the Complaint, Plaintiff cites various documents or test results that allegedly support its allegations. Defendants take no position as to whether those citations are accurate. To the extent a response to the citations is required, they are denied. Defendants reserve the right to raise additional defenses based on further discovery and subsequent factual developments in this case.

## GENERAL DENIAL

Defendants deny all allegations in Epson's Complaint except for those specifically admitted below. With respect to the allegations made in the Complaint, upon knowledge with respect to Defendants' own acts, and on information and belief as to other matters, Defendants respond and allege as follows:

1

## NATURE OF THIS ACTION

1.      This is an action for false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for violations of Massachusetts General Laws Chapter 93A. Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

**ANSWER:**

Defendants admit that the Complaint purports to be an action for unfair competition and false advertising arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and for violations of Massachusetts General Laws Chapter 93A. Defendants specifically deny that it's conduct has produced or will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as this action arises under the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**

Defendants admit that this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Defendants lack information sufficient to form a belief as to the remaining allegations of this paragraph and therefore deny them.

3.      Defendants are subject to personal jurisdiction in this forum because they have purposefully directed their activities toward the Commonwealth of Massachusetts and this District, including by developing, marketing, advertising, offering for sale, and selling PUTRIMS products to consumers in this District through online marketplaces such as Amazon.com. Defendants have misrepresented the nature of their products to residents of the

Commonwealth of Massachusetts and this District, have caused injury to Epson in this District, and regularly conduct or solicit business within this District. Upon information and belief, Defendants have entered into contracts with residents of this District through the sale of items via online retail platforms and have engaged in substantial and not isolated interstate commerce with consumers in this District.

**ANSWER:**

**DENIED.**

4.  Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.

**ANSWER:**

**DENIED.**

**PARTIES**

5.  Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California. It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories. Epson has been a leading innovator in its field since it was founded in 1942.

**ANSWER:**

Defendants admit that Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California. It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore **DENY** the same.

6.  Upon information and belief, Defendant Shenzhen Cuture Innovation Electronic Co., Ltd. owns and/or controls the PUTRIMS brand and authorizes, directs, and/or participates in the marketing, advertising, and sale of PUTRIMS projector products in the United States,

3

including through online sellers such as Shenzhenshijinhongyuanyuankejiyouxiangongsi.

**ANSWER:**

**ADMITTED.**

7. Defendant Shenzhenshijinhongyuanyuankejiyouxiangongsi is an entity of unknown origin that uses the anonymity afforded by the internet to hide its true name. It sells, inter alia, projector products in the United States, including in Massachusetts, through online platforms such as Amazon.com utilizing, inter alia, the seller name "JENALIFE" which has been assigned seller ID A2L7FKEMRHA2GD by Amazon.com, "TimZanp" which has been assigned seller ID A1AIE4STH1Y2WJ by Amazon.com, and "delphitop" which has been assigned seller ID A2N47QW22DZB4R by Amazon.com.

**ANSWER:**

Defendants **DENY** that Defendant Shenzhenshijinhongyuanyuankejiyouxiangongsi is an entity of unknown origin. Defendants **DENY** that Defendant Shenzhenshijinhongyuanyuankejiyouxiangongsi uses the anonymity afforded by the internet to hide its true name. The English translation of Defendant Shenzhenshijinhongyuanyuankejiyouxiangongsi's name is Shenzhen Jinhong Yuanyuan Technology Co., Ltd. and the business address for Defendant Shenzhenshijinhongyuanyuankejiyouxiangongsi is prominently displayed on the Amazon seller page for seller JENALIFE. Defendants **ADMIT** that Defendant Shenzhenshijinhongyuanyuankejiyouxiangongsi sells projector products in the United States, including in Massachusetts, through online platforms such as Amazon.com utilizing the seller name "JENALIFE," which has been assigned seller ID A2L7FKEMRHA2GD by Amazon.com. Defendants **ADMIT** that seller name TimZanp has been assigned seller ID A1AIE4STH1Y2WJ by Amazon.com. Defendants **ADMIT** that seller name "delphitop" has been assigned seller ID A2N47QW22DZB4R by Amazon.com. Defendants **DENY** the remaining allegations of this

4

paragraph.

8. This action seeks redress for Defendants' deliberate and unlawful misleading representations regarding the light output of their projectors. Specifically, Defendants use false claims regarding the light output of its projectors in its product descriptions and advertising.

**ANSWER:**

Defendants **ADMIT** that this action purports to seek redress for Defendants' allegedly deliberate and unlawful misleading representations regarding the light output of its projectors. Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore **DENY** the same.

**FACTS**

**A. Portable Consumer Projectors**

9. While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

**ANSWER:**

Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore **DENY** the same.

10. Today, consumers use digital projectors in the same way as television or computer screens. Digital projectors receive video signals from external devices, such as computers, streaming devices, and cable boxes, and "project" those signals onto a screen.

**ANSWER:**

Defendants **ADMIT** that digital projectors receive video signals from external devices, such as computers, streaming devices, and cable boxes, and "project" those signals onto a screen. Defendants lack information sufficient to support a belief as to the remaining allegations of this

5

paragraph and therefore **DENY** the same.

11. Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently mounted projectors for home theaters.

**ANSWER:**

Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore **DENY** the same.

12. Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

**ANSWER:**

Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore **DENY** the same.

13. As the name suggests, a projector uses light to "project" an image or moving images onto a large screen or surface.

**ANSWER:**

Defendants **ADMIT** that a projector uses light to "project" an image or moving images onto a large screen or surface.

14. The light projected by a projector onto a screen is referred to as the projector's light output. Light output is measured and described in lumens. The higher the lumen rating, the brighter the projector, and all else being equal, the more it will likely cost.

**ANSWER:**

Defendants **ADMIT** that light output can be measured in lumens. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore **DENY** the same.

B. **Epson Projectors**

15.     Epson is recognized throughout the world and the United States as a leading projector manufacturer.

**ANSWER:**

Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore **DENY** the same.

16.     Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors. Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

**ANSWER:**

Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore **DENY** the same.

17.     Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available.

**ANSWER:**

Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore **DENY** the same.

C. **Defendants' False Advertising of Projectors**

18.     Defendants compete directly with Epson in the portable consumer projector market. Defendants manufacture, market, distribute, offer for sale, and/or sell projectors throughout the United States via online platforms, including Amazon.com.

**ANSWER:**

Defendants **DENY** that they compete directly with Epson in the portable consumer projector market. Defendants **DENY** that they manufacture projectors. Defendants **ADMIT** that they market,

distribute, offer for sale, and/or sell projectors throughout the United States via online platforms, including Amazon.com. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore **DENY** the same.

19. Defendants sell projectors under various models including, but not limited to, the PUTRIMS K12. Upon information and belief, "PUTRIMS" is a trademark owned by Defendants and is used in connection with the marketing and sale of projector products, including the PUTRIMS K12 projector.

**ANSWER**:

Defendants **ADMIT** that they sell projectors under various models including, but not limited to, the PUTRIMS K12. Defendants **ADMIT** that "PUTRIMS" is a trademark owned by Defendant Shenzhen Cuture Innovation Electronic Co., Ltd. and is used in connection with the marketing and sale of projector products, including the PUTRIMS K12 projector. Defendants **DENY** the remaining allegations of this paragraph.

20. On Amazon.com, the PUTRIMS K12 projector is advertised with a brightness of 2,000 lumens.



# PUTRIMS K12 - Your First True Smart Projector

Upgraded to higher lumens! 2000 ANSI designed for home theaters

-Truly intelligent, without sacrificing brightness, and with convenient functionality.

- The K12 is suitable for a variety of occasions, from outdoor parties and business presentations to home theaters.



**ANSWER:**

**DENIED.**

21.     As shown above, the brightness value is prominently displayed throughout the projector's listing pages.

**ANSWER:**

**DENIED.**

22.     To be clear, it is the Defendants that create the pages found on Amazon.com. It is the Defendants, and not the retailer, that inputs the product specification into these pages. It is the Defendants, not the retailer, that places the false product specifications into the stream of commerce.

Defendants **ADMIT** that it creates the pages found on amazon.com and inputs the product specification into these pages. Defendants **DENY** the remaining allegations of this paragraph.

23.     Throughout the product pages, Defendants tout the brightness performance.

**ANSWER:**

**ADMITTED.**

24.     Defendants display the brightness claim, recognizing the importance of brightness to a consumer. Indeed, brightness is the top specification used by a consumer when purchasing a projector.

**ANSWER:**

Defendants lack information sufficient to support a belief as to the allegations of this paragraph and therefore **DENY** the same.

25.     Recognizing the importance of brightness and in order to gain traction in the United States projector marketplace, Defendants inflate the brightness specification of their projectors, including but not limited to the PUTRIMS K12, in its online advertisements knowing that improperly enhancing the brightness specification will result in artificially higher sales of the

10

falsely advertised projectors.

**ANSWER:**

Defendants **DENY** that the brightness specification of its PUTRIMS K12 projector is inflated on Amazon.com. Defendants lack information sufficient to support a belief as the remaining allegations of this paragraph and therefore **DENY** the same.

26. Epson hired an independent third-party lab to test the brightness of the PUTRIMS K12 projector using the internationally published standard ISO 21118 for measuring projector brightness.

**ANSWER:**

Defendants lack information sufficient to support a belief as the allegations of this paragraph and therefore **DENY** the same.

27. Using the ISO 21118 international standard, the independent third-party lab determined the brightness of the PUTRIMS K12 to be 800 lumens – significantly less than the 2,000 lumen value advertised by Defendants.

**ANSWER:**

Defendants lack information sufficient to support a belief as the allegations of this paragraph and therefore **DENY** the same.

28. As shown by the independent third-party testing, Defendants are significantly misrepresenting the light output of their projectors to consumers, which causes confusion in the marketplace.

**ANSWER:**

Defendants lack information sufficient to support a belief as the allegations of this paragraph and therefore **DENY** the same.

29. As a result of the above, purchasers of the PUTRIMS K12 projector are likely to

11

be, and have actually been, misled by Defendants' literally false product labeling, descriptions, and advertisements.

**ANSWER:**

Defendants lack information sufficient to support a belief as the allegations of this paragraph and therefore **DENY** the same.

30. For example, at least one customer has left a review on Amazon.com about their poor experiences with the PUTRIMS K12 projector, particularly related to the brightness:

 Mark M.

★★☆☆☆ **Skip this projector**
Reviewed in the United States on October 16, 2025
Purchased from another retailer in Jan 2025

Picture quality isn't so great. Brightness and contrast are out of whack, no amount of tweaking the picture settings provide a drastic improvement. The ability to brighten or dim the lamp would be a good feature to add to this. Built-in speakers are garbage. Bluetooth audio output has a noticeable delay if using with the HDMI input. Built-in GoogleTV stick is laggy. Remote needs to be aimed directly at the front of the projector, or it won't do anything.
Also a Youtube reviewer tested the projected image brightness with a lux meter and it was only 700 Ansi lumens, instead of the advertised 1000 Ansi lumens.

**ANSWER:**

Defendants ADMIT that the review pictured above was left on an Amazon.com listing for the PUTRIMS K12 projector. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore **DENY** the same.

31. Upon information and belief, given its importance, Defendants has used the false brightness specifications to entice consumers to purchase their projectors based upon these specifications and claims.

**ANSWER:**

Defendants lack information sufficient to support a belief as the allegations of this paragraph and therefore **DENY** the same.

32. Consumers expect the represented product specifications to be accurate for the PUTRIMS K12 projector, as they base their purchasing decisions in large part on these

representations. In fact, consumers that purchase the PUTRIMS K12 projector receive projectors with drastically lower brightness performance outputs.

**ANSWER**:

Defendants lack information sufficient to support a belief as the allegations of this paragraph and therefore **DENY** the same.

33. Defendants' literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Defendants' products over Epson's products.

**ANSWER**:

Defendants **DENY** that their product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public. Defendants lack information sufficient to support a belief as the remaining allegations of this paragraph and therefore **DENY** the same.

34. The natural, probable, and foreseeable result of Defendants' wrongful conduct has been to cause confusion, deception, and mistake in the consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

**ANSWER**:

Defendants **DENY** that they are engaging in wrongful conduct. Defendants **DENY** that they have caused confusion, deception, and/or mistake in the consumer projector market as a whole. Defendants DENY that they have deprived Epson of any business, goodwill, or that they have injured Epson's relationship with any existing or prospective customers. Defendants **DENY** that they have diverted sales of Epson projectors. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore **DENY** the same.

35. By means of example, after having a poor experience with a PUTRIMS K12 projector with an improperly inflated lumen value of "2,000 lumens," the consuming public is less likely to purchase a projector with an actual rating of 2,000 lumens as consumers will be unaware that the PUTRIMS K12 projector's "2,000 lumens" projector is representative of the performance of an 800-lumen projector rather than a true 2,000 lumen projector. This causes irreparable harm to Epson as well as to the entire portable projector marketplace, potentially causing consumers to purchase, *inter alia*, flat screen televisions rather than projectors.

**ANSWER:**

Defendants **DENY** that they have caused irreparable harm to Epson as well as to the entire portable projector marketplace. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore **DENY** the same.

36. Epson is informed and believes that Defendants' wrongful conduct has resulted in increased sales and market share of Defendants' projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

**ANSWER:**

Defendants **DENY** that they are engaging in any wrongful conduct. Defendants **DENY** that they have hindered the sales and market share of Epson's projectors or damaged Epson's goodwill. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore **DENY** the same.

37. Epson has sustained and will continue to sustain irreparable damages as a result of Defendants' wrongful conduct, unless enjoined.

**ANSWER:**

Defendants **DENY** that they are engaging in any wrongful conduct. Defendants **DENY** that Epson has sustained and/or will continue to sustain irreparable damages attributable to any action of

the Defendants. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore **DENY** the same.

<u>COUNT I</u>

**False Advertising / Unfair Competition – Lanham Act**

38. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER:**

Defendants incorporate by reference each of their responses set forth in each of the Paragraphs above, as if fully set forth herein.

39. Defendants have made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements regarding the light outputs of their projectors - attributes important to a consumer's purchasing decision. These product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

**ANSWER:**

Defendants **DENY** that they have engaged in any wrongful conduct. To the extent that any of Defendants' product listings or advertisements contain inaccurate information regarding the light output of its projectors, Defendants **DENY** that any such information was either material or important to a consumer's purchasing decision or that it had the effect of deceiving a substantial segment of Epson's customers and potential customers. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore **DENY** the same.

40. Defendants' false and misleading advertisements constitute unfair competition and

15

injure both consumers and Epson.

**ANSWER:**

**DENIED.**

41. Defendants' false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**

**DENIED.**

42. Defendants, as described more fully above, have caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants, their distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

**ANSWER:**

Defendants DENY that they have caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. Defendants DENY that Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants, their distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

43. Defendants' actions are willful and done solely to improperly gain market share.

**ANSWER:**

**DENIED.**

44. Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendants the damages sustained by Epson as a result of Defendants' acts in violation of Section 43 of the

16

Lanham Act.

**ANSWER:**

Defendants DENY that Epson has sustained any damages as a result of any act by the Defendants and on that basis DENY the allegations of this paragraph.

45.     Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendants the gains, profits, and advantages that it has obtained as a result of its unlawful acts.  Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendants have obtained by reason of its unlawful acts.

**ANSWER:**

Defendants **DENY** that they have engaged in unlawful acts. Defendants **DENY** that Epson is entitled to any recovery under 15 U.S.C. § 1117. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore **DENY** the same.

46.     Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action.  Moreover, Epson is informed and believes that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

**ANSWER:**

Defendants DENY that they have engaged in unlawful acts willfully or otherwise. Defendants DENY that Epson is entitled to any recovery under 15 U.S.C. § 1117. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore deny the same.

<u>**COUNT II**</u>

**Violation of G.L. c. 93A**

47.     Epson hereby realleges each and every allegation contained in the foregoing

paragraphs as if fully set forth herein.

**ANSWER:**

Defendants incorporate by reference each of their responses set forth in each of the Paragraphs above, as if fully set forth herein.

48. G.L. c. 93A prohibits any unlawful, unfair, or deceptive business act or practice.

**ANSWER:**

Defendants state that the text of G.L. c. 93A speaks for itself. Defendants **ADMIT** that G.L. c. 93A relates to regulation of business practices for consumer protection and addresses unfair practices.

49. Defendants' acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or deceptive business acts and practices within the meaning of G.L. c. 93A.

**ANSWER:**

Defendants **DENY** that they are engaging in any activity that would constitute unlawful, unfair, and/or deceptive business acts and practices within the meaning of G.L. c. 93A.

50. Defendants' misconduct has a tendency and likelihood to deceive members of the public.

**ANSWER:**

Defendants **DENY** that they are engaging in any misconduct. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore **DENY** the same.

51. The foregoing acts and practices have caused substantial harm to Epson.

**ANSWER:**

Defendants **DENY** that they have caused substantial harm to Epson. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and

18

therefore **DENY** the same.

52. As a direct and proximate cause of the unlawful, unfair, and deceptive acts and practices of Defendants, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

**ANSWER:**

Defendants **DENY** that they are engaging in unlawful, unfair, and deceptive acts. Defendants **DENY** that they have caused Epson to have lost money and/or suffer any injury in fact and damage in the form of lost sales revenue, fees, and other costs. Defendants lack information sufficient to support a belief as to the remaining allegations of this paragraph and therefore **DENY** the same.

53. Defendants' conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury.

**ANSWER:**

**DENIED.**

### DENIAL OF ALL REMAINING ALLEGATIONS

Except as expressly admitted herein, Defendants **DENY** all remaining allegations in Epson's Complaint.

### ANSWER TO RELIEF REQUESTED

To the extent a response is required, Defendants **DENY** that Epson is entitled to any of its requested relief. Defendants specifically **DENY** that they are violating Section 43 of the Lanham Act, 15 U.S.C. §1125(a); specifically **DENY** that Epson is entitled to the relief requested, including but not limited to removal of all Defendants products from online commerce sites, such as, but not limited to, Amazon.com. Defendants specifically **DENY** that Epson is entitled to an order requiring Defendants to place corrective advertising or provide written notice to the public and its prior customers regarding the

brightness of its projectors. Defendants specifically **DENY** that they are violating 15 U.S.C. § 1125(a) and G.L. c. 93A or unfairly competing with Epson. Defendants specifically **DENY** that Epson has sustained damages attributable to any action by Defendants. Defendants specifically **DENY** that Epson has lost market share due to any activity attributable to Defendants. Defendants specifically **DENY** that Epson is entitled to any award of damages. Defendants specifically **DENY** that Epson is entitled to an award of any of Defendants' profits. Defendants specifically **DENY** that Epson is entitled to attorneys' fees and specifically **DENY** that Epson is entitled to costs, exemplary or punitive damages, pre-judgment or post-judgment interest, treble damages, or any other relief in this action.

<u>**AFFIRMATIVE DEFENSES**</u>

Subject to the responses above, and upon information and belief, Defendants allege and assert the following affirmative defenses in response to the allegations in Epsons's Complaint. In addition to the defenses described below, subject to its responses above, Defendants specifically reserve all rights to allege additional defenses that become known through the course of discovery or otherwise.

1. Defendants have not engaged in the conduct alleged in the Complaint.

2. Defendants are not liable to Epson because Epson and Defendants are not direct competitors.

3. Defendants are not liable to Epson because Defendants' actions did not mislead or damage the public to the detriment of Epson.

4. The Complaint fails to state a claim upon which relief can be granted.

5. Epson is not entitled to the relief requested at least because it has suffered no irreparable injury and has adequate remedies at law.

6. If Epson is entitled to any remedy, Epson is not intitled to a finding that Defendants' conduct was willful, intentional, and deliberate, entitling Epson to enhanced damages.

7. Epson's claims and requested relief are barred in whole or in part under principles of equity, including without limitation the doctrines of estoppel, laches, waiver, and unclean hands.

Dated:   May 04, 2026

Respectfully submitted,
For Defendants,
Shenzhen Cuture Innovation Electronic Co., Ltd. and
Shenzhenshijinhongyuanyuankejiyouxiangongsi,
By their Attorneys,

Edward A. Prisby, BBO#655217
Kajko, Weisman & Colasanti, LLP
430 Bedford Street
Lexington, MA 02420
781-860-9500
Eprisby@massfirm.com


**ANALECTS LEGAL LLC**
1212 S Naper Blvd.
Suite #119 – PMB 238
Naperville, IL 60540-7349

Elliot C. Mendelson, Ph.D., J.D.
(pro hac forthcoming)
Delaware Bar No. 3981
Email: emendelson@analectslegal.com
Tel: 1.312.375.7844

Yichen Cao, Ph.D., J.D.
(pro hac forthcoming)
Illinois Bar No. 6326669
Email: ycao@analectslegal.com
Tel: 1.630.386.5514

***Attorneys for Shenzhen Cuture Innovation Electronic Co., Ltd. and Shenzhen shijinhongyuanyuankejiyouxiangongsi***